Vanover v. Colvin. May it please the court, my name is Randall Forbes and I represent the appellant who is the Social Security Disability Claimant in this case. This case really involves one issue or a set of issues around a topic whether the administrative law judge properly weighed the daily activities in conformity with the case of Bjornsson and in this case it appears that she did not. That's certainly subject to dispute but I think when you look at the long medical history of this case within the context of the multiple abdominal and possibly pelvic surgeries that when this disability claimant talks about abdominal problems and urinary problems there's certainly a context for the pain and for the issues involved in those and then it is not a big leap when she says I can do things on some days but on other days cannot accomplish anything. So that's the gist of it. Do you have questions? Counsel, basically what's this woman's family situation? She's married is she? She is at least at the time under consideration here she's married she has three teenage children at least. And I noticed that there was reference to her husband's deployment and she was treated in Washington State what was that? I believe that's where they lived during the deployment I mean the military. Was he on active duty or what? Yeah he was in Iraq during I think 2006-2007 as cited in the brief. But the reference throughout this is that he was with her. Right because the period under consideration in this case is a very long period it's like 1998. They're no was with a previous husband divorced I can't answer the question whether she's still together with her present husband who is the veteran. Well I didn't quite get all right yeah. Thank you. I'll anticipate that the the government's going to bring up a waiver issue. Why don't you wait until he does it then you've got a rebuttal time. All right well I'll do that that sounds good all right I'll reserve the rest for rebuttal time your honor. Thank you Mr. Forbes. Mr. Guerin. Thank you good morning may it please the court Mr. Forbes my name is James Guerin and I represent the Commissioner of Social Security in this matter. As Mr. Forbes pointed out this case is that an ALJ can't equate daily activities with an ability to perform work. However the ALJ in this case did not make some impermissible equivalency between Vanover's activities and her ability to work. He simply compared statements that she made to two consultative examiners with the she made concerning her activities at the hearing and he and he reasonably concluded that if those were inconsistent that reflected on her credibility. Now I would say that if the ALJ relied only on that point only on the activities it could still be a problem and it would probably be a one-factor period but as we pointed out in our brief that the ALJ in this case relied on numerous factors which plaintiff has not responded to. He discussed the Vanover's demeanor at the hearing, her conduct during the hearing. He discussed evidence in the record of exaggeration of drug-seeking behavior He discussed a lack of records from the period in 1998 when Vanover alleged she became disabled. He discussed the fact that Vanover's doctor when asked to provide a disability statement declined. This is probably one the strongest credibility analyses I've seen and the fact that the ALJ also happened to discuss daily activities should not undermine the validity of his analysis of the credibility and if the court has no questions I will ask the Mr. Forrest. The credibility analysis is certainly lengthy but it starts with a funnel which basically says the opening of this funnel is this is a disability claimant and based on status she's not to be believed and then her husband's credibility as a husband based on status not to be believed. That is the partial that in one sense that's the opening of this funnel that goes right towards all the other credibility arguments. By the way did he raise the issue you intended to do it? I would I'd suggest that it's not waived because it's so topically related. You don't have to do it. He didn't raise it. It's topically related. So that's yeah the credibility analysis is lengthy it's overkill but I think that it's poisoned and not only that since the judge's arguments are so intricately related to the daily activities. If the daily activities were such that it shows that my client could work then why does she need to go the extra mile and disparage their status? That just tells me that the judge didn't really believe in the argument that she put forth and so I'd like you to consider that also. Finally in looking at the medical on this case every abdominal or pelvic surgery carries with it several cuts. Cuts to get into the body usually about three if it's laparoscopically done. Multiple cuts inside the body. Yes surgery's advanced a lot but it's still cutting and when you have two oophorectomies, a hysterectomy, an appendectomy, a cholecystectomy, a resection of the colon, a lot of cuts, a lot of stabbing and this poor woman who has endured all the pain and still tries to get through daily life you know when she complains of pain somebody ought to listen. Thank you your honor. Thank you Mr. Fork. The case will be taken under advisement we move to the